IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAQUITA STROZIER, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MIKE JASON RUSSELL ECKLEY, )<br>)<br>Defendant. ) | Case No. 18-00472-CV-W-ODS |

## **ORDER AND OPINION GRANTING PLAINTIFFS' MOTION TO REMAND**

Pending is Plaintiffs' motion to remand. Doc. #6. For the following reasons, the motion is granted, and the matter is remanded to the Circuit Court of Jackson County, Missouri.

## I. BACKGROUND

In March 2018, Plaintiffs Laquita Strozier, Laurette Strozier, and Jazmon Strozier ("Plaintiffs" unless identified individually) filed their petition in the Circuit Court of Jackson County, Missouri. Doc. #1-2. Plaintiffs' petition alleges an automobile driven by Defendant collided with an automobile, in which Laurette and Jazmon were passengers, driven by Laquita in June 2017. Plaintiffs allege one count of negligence.

On June 19, 2018, Defendant timely removed the matter to this Court. Doc. #1. Defendant asserts this Court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). On July 19, 2018, Plaintiffs filed their motion to remand. Doc. #6. While they do not dispute the parties are diverse, Plaintiffs argue Defendant fails to establish the amount in controversy exceeds $75,000. Accordingly, Plaintiffs ask the Court to remand this matter to the Circuit Court of Jackson County, Missouri.

## II. DISCUSSION

A case filed in state court may be removed to federal court if the case could have been originally filed in federal court. 28 U.S.C. § 1441(a). The party invoking federal

jurisdiction bears the burden of demonstrating it exists, so Defendant – as the party removing the case to federal court – bears the burden in this case. *E.g., Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Factual matters (such as the amount in controversy) must be established by the preponderance of the evidence. *E.g., id.* at 957 & n.5.

When removal is based on section 1332, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.* Missouri does not permit the plaintiff to demand a specific sum, so the Court must look to the Notice of Removal. In so doing, the Court must keep in mind that Defendant's burden is a pleading requirement and not a demand for proof. *Raksas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

Plaintiffs' petition alleges Laurette and Jazmon each suffered damages in the form of (1) past medical expenses, (2) future medical expenses, and (3) past and future physical and mental pain and suffering. Doc. #1-2, at 3. The petition alleges Laquita suffered those same damages, but additionally suffered loss of past income. The petition does not detail the extent of Plaintiffs' injuries or treatment Plaintiffs' incurred or will require as a result of the automobile accident. In his Notice of Removal, Defendant asserts: "[h]ere, the amount in controversy exceeds $75,000, exclusive of interest and costs. In their Petition, Plaintiffs each allege that they have been damaged 'in excess of $25,000.'… Based on the allegations contained in Plaintiff's Petition, the amount in controversy requirement is satisfied." Doc. #1, at 2.

Defendant seems to suggest Plaintiffs' claims should be aggregated to satisfy the jurisdictional threshold. But the claims can only be aggregated if they are based on a "common undivided interest." *Ahmed v. GCA Production Servs., Inc.*, 249 F.R.D. 322, 325 (D. Minn. 2008) (quoting *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911)). A claim is based on a common undivided interest if "one plaintiff cannot or does not collect his share [of damages], the shares of the remaining plaintiffs are increased." *Id.* (quoting *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1079 (8th Cir. 2003)). Although Plaintiffs' claims are based on a single automobile accident, they do not share a common undivided interest. The damages each may recover does not rise or fall based upon

another's recovery.  Moreover, the damages pleaded are the state court jurisdictional threshold, and do not serve as evidence of the amount in controversy for federal court jurisdiction purposes.  Accordingly, the amount in controversy is not satisfied merely because each Plaintiff pleaded damages in excess of $25,000.

Defendant correctly notes this Court may exercise jurisdiction if the claims of at least one party satisfy the amount in controversy requirement.  See *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).  But Defendant's conclusory statement that this Court has jurisdiction simply because each Plaintiff alleges damages in excess of $25,000 does not establish one party's claim exceeds the jurisdictional threshold.  While Defendant is not required to prove the amount in controversy, merely pointing to the state court jurisdictional threshold does not establish the amount in controversy by a preponderance of the evidence.  Defendant offers no information about the severity of the automobile accident.  The extent of Plaintiffs' injuries is unknown.  In opposing Plaintiffs' motion, Defendant notes Laquita seeks damages for lost income, yet there is no indication about the length of her absence from work or about her salary such that the Court could identify a potential damage award associated with her lost income.

Defendant relies on the fact that an automobile accident occurred, and that Plaintiffs allege medical expenses, past income, and pain and suffering as damages in their petition.  Without more, Defendant fails to carry his burden to show, by a preponderance of the evidence, the amount in controversy exceeds $75,000.  Accordingly, the Court grants Plaintiffs' motion to remand.

## III.  CONCLUSION

For the above reasons, the Court grants Plaintiffs' motion, and remands this action to the Circuit Court of Jackson County, Missouri for further proceedings.

IT IS SO ORDERED.

DATE: August 27, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT